**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



DANIEL EDWARD RYEL,

        Petitioner - Appellant,

  v.

GARY KILMER,

        Respondent - Appellee.

No. 11-35377

D.C. No. 3:08-cv-06072-HU

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Argued and Submitted May 9, 2012
Portland, Oregon

Before: TASHIMA, TALLMAN, and IKUTA, Circuit Judges.

    Although the state appeals court and state post-conviction court may have

differed in their interpretation of the state trial court's evidentiary rulings, neither

AEDPA nor any precedent interpreting that statute authorizes us to avoid the

deference owed to the last-reasoned state court decision on that ground, and we

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

decline to do so here. Moreover, the state court was not obliged to explain the reasons for its rejection of Ryel's ineffective assistance claim, and therefore we do not review de novo the question whether any error on the part of trial counsel prejudiced Ryel. *See Harrington v. Richter*, 131 S. Ct. 770, 784–85 (2011).

Under the AEDPA standard, *see* 28 U.S.C. § 2254(d), the state court's determination that Ryel's counsel made "compelling arguments" for the admission of the excluded evidence and therefore did not perform deficiently under the first prong of *Strickland v. Washington*, 466 U.S. 668 (1984), was not objectively unreasonable. Nor would it have been objectively unreasonable for the state court to conclude that Ryel was not prejudiced by his counsel's performance, where the excluded evidence was circumstantial and the record included substantial direct and circumstantial evidence pointing to Ryel's guilt. *See Harrington*, 131 S. Ct. at 792.

**AFFIRMED.**

*Ryel v. Kilmer*, No. 11-35377

TASHIMA, Circuit Judge, concurring in the result:

I concur in the result.